RHODE ISLAND CENTRAL BANK *vs.* LEVI F. DANFORTH.

A mortgage of personal property in Massachusetts, made in another state between two citizens of that state, and executed and recorded according to the laws of that state is valid, without delivery of the property, as against a subsequent attachment here by a third citizen of that state.

B., a mortgagee of chattels, in making a demand under the Rev. Sts. *c.* 90, § 79, on an officer attaching them as the property of A., exhibited the mortgage, and described the debt thus: " B. has a large claim against A., as security for which the said mortgage was given; B. holds claims and demands of his own against A., amounting to $10,000, on which A. has paid $4485.57; and the balance of $5514.43 remains due to A. from B." The mortgage covered, besides the property attached, other property, part of which had been sold before making the demand; and the amount then due on the mortgage, after applying to it the proceeds of such sales, but without deducting the value of the property on hand, was $5514.43. *Held,* that the demand was sufficient.

REPLEVIN. The plaintiffs, a corporation established by law in Rhode Island, claimed title under a mortgage made by Thomas A. Peirce to them on the 22d of January 1857, in Rhode Island, and duly executed and recorded according to the laws of that state, where the mortgagor resided.

The defendant justified as a constable of Pawtucket, under a writ against the mortgagor, on a debt due to another citizen of Rhode Island. The property in controversy was in the possession of a third person in this state at the time of the making of the mortgage, and there remained until the attachment.

The mortgage included other property, of which the plaintiffs had taken possession before the attachment, and part of which they sold before the 25th of February 1857, when they made a demand in writing upon the defendant, in which they notified him that the property attached by him had been conveyed to them by said mortgage, (which they at the same time exhibited to him,) and which stated " that the said bank has a large claim against the said Peirce, as security for which the said mortgage was given ; that said bank holds claims and demands of its own against said Peirce, amounting to $10,000, on which the said Peirce has paid $4485.57 ; and that the balance of $5514.43

remains due to said bank from said Peirce;" and demanded payment of said balance within ten days. At the time of the demand, the balance of the mortgage debt, after applying to the payment thereof the proceeds of so much of the property not covered by the mortgage as had then been sold, was $5514.43. The plaintiffs have since sold the remainder of that property, and applied the proceeds of such sales to the further payment of the mortgage debt, and a part of the debt still remains unsatisfied.

The parties submitted the case to the decision of the court upon the facts above stated.

*W. W. Blodgett*, for the plaintiffs.

*C. W. Thrasher*, for the defendant. 1. By the general rule of the common law, a mortgage of chattels is not valid as against third persons, unless accompanied by a delivery to the mortgagee. *Bullock* v. *Williams*, 16 Pick. 33. *Bonsey* v. *Amee*, 8 Pick. 236. *Portland Bank* v. *Stubbs*, 6 Mass. 422. The statutes of this commonwealth do not change the rule of the common law, unless the mortgagor resides here. Rev. Sts. *c.* 74, § 5. This mortgage of property in Massachusetts is therefore invalid as against this attachment.

2. The plaintiffs' demand on the attaching officer does not state the amount of the debt or demand for which said property was liable to them under the mortgage; and is therefore void for uncertainty. Rev. Sts. *c.* 90, § 79. *Sprague* v. *Branch*, 3 Cush. 575. *Harding* v. *Coburn*, 12 Met. 333. The demand does not state that the sum of $5514.43, or any other definite amount, was secured to the plaintiffs by the mortgage.

3. The plaintiffs were bound to apply the property in their possession under the mortgage to the payment of the mortgage debt, and could rightfully demand of the attaching officer only the balance remaining due; and the demand of the whole amount of the debt then uncancelled, without deducting, or offering to surrender, the property remaining in their possession, contains a material and fatal misstatement of the amount due. *Rowley* v. *Rice*, 10 Met. 7. *Moriarty* v. *Lovejoy*, 23 Pick. 321. *Sprague* v. *Branch*, 3 Cush. 575.

Rhode Island Central Bank *v.* Danforth.

DEWEY, J.   We must consider this case as one substantially arising between two citizens of Rhode Island; the defendant justifying the taking and detention of the property in controversy solely under an attachment made by him as a constable upon a writ in favor of a party residing in Rhode Island.   The title of the plaintiff is through a mortgage of the property made in Rhode Island, duly executed and recorded according to the laws of that state.   As a general rule, transfers of personal property are regulated by the law of the domicil of the owner.   An exception has sometimes been made in favor of creditors residing in Massachusetts, and who had made attachments here which were sought to be avoided by an assignment or transfer made in another state to secure creditors.   But this is not such a case; all the parties are citizens of Rhode Island, and a valid mortgage there made may transfer the property in Massachusetts.   The ground relied upon in the defence, that the particular portion of personal property which is the subject of the present action, was, at the time of the mortgage, in the state of Massachusetts, and there remained until it was attached, is not maintainable.   The due execution and recording of a mortgage of personal property is, by the law of Massachusetts, held to be sufficient, without any further formal delivery We cannot assume that the law of Rhode Island is different in this respect.

Assuming that notice to the defendant of the amount due on the mortgage was necessary in the present case, we are of opinion that the notice given was sufficient. Rev. Sts. *c.* 90, § 79.

*Judgment for the plaintiffs.*